IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-CV-2103-DWD |
| ) | |
| $74,290.00 IN UNITED STATES ) CURRENCY, ) | |
| ) | |
| Defendant. | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter comes before the Court on the Motion to Strike Claim and Answer and Enter Judgment of Forfeiture filed by Plaintiff, United States of America (Doc. 20). The Government filed a verified complaint on September 8, 2022, seeking to enforce the provisions of 21 U.S.C. § 881(a)(6) for the forfeiture of property which constitutes money furnished or intended to be furnished by a person in exchange for a controlled substance, or proceeds traceable to such an exchange, or money used to facilitate a violation of 21 U.S.C. " 801 *et seq*. Claimant Zihao Liu, through his attorney Edward Johnson, filed an Answer and Claim arguing the property is lawful proceeds. (Docs. 7, 8). The Government served discovery requests on Claimant through his attorney. On February 27, 2023, Claimant moved the Court for an order extending the deadline for responding to the discovery requests (Doc. 14). The Court granted Claimant's motion and extended the deadline for responding to April 11, 2023 (Doc. 15). Claimant failed to timely respond. As a result, and after repeated attempts to confer with Claimant's attorney without success,

the Government filed a Motion to Compel (Doc. 17). The Court ordered Claimant to file a response to the motion, but he failed to comply with that order (Doc. 18). Therefore, on August 24, 2023, the Court ordered Claimant to respond to the Government's discovery requests on or before August 30, 2023.

On September 5, 2023, the Government filed the instant motion (Doc. 20). The Government indicates that Claimant did not respond to the discovery requests by August 30, 2023. However, on September 1, 2023, Claimant emailed the Government a set of answers to the interrogatories. The Court has reviewed the answers (Doc. 20-1). As represented by the Government, they contain very little substantive information and are not signed under oath as required by Rule 33(b)(3) and (5). As a result of Claimant's failure to provide timely, substantive discovery requests that comply with Rule 33, the Government asks the Court to enter an order striking the claim and answer of Claimant and entering a judgment of forfeiture. The Government contends that entry of default judgment is appropriate under Rule 37(b)(2)(A). To date, Claimant has not responded to the Government's motion.

The Court has reviewed the responses provided by Claimant's attorney and finds them to be nothing short of lacking, dismissive and deflective, while bordering on obstructive. The information sought by the Government is neither extensive nor expansive, and its requests for discovery are clearly fashioned to ferret out the nature and extent of the claim. The Claimant offers no basis for objection nor reason for the unavailability of information and documents commonly maintained by law-abiding

citizens. Thus, the Court cannot find that the Claimants failure to comply with discovery requests and the orders of this Court, are justified.

Under FED. R. CIV. P. 37(b)(2), a party who fails to obey an order to provide discovery may be sanctioned. The Rule provides an inexhaustive list of possible sanctions. The sanction selected must, "be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000). The sanction of dismissal is considered to be the most draconian. *See Marrocco v. General Motors Corp.*, No. 996 F.2d 220, 223-224 (7th Cir. 1992). Entry of dismissal for a litigant's failure to cooperate in the discovery process requires a showing of willfulness, bad faith, or fault on the part of the non-moving party. *Id*. An "ultimate" sanction that essentially forbids the recalcitrant party from further pursuing his claim may be entered where "there is a clear record of delay or contumacious conduct." *E.g., Domanus v. Lewicki,* 742 F.3d 290, 301 (7th Cir. 2014).

Considering Claimant's failure to provide substantive discovery responses and his failure to respond to the Court's August 1, 2023 order (Doc. 18), the Court **ORDERS** claimant to respond fully to the Government's Interrogatories by providing the requested information and/or documents on or before October 12, 2023. The Claimant's responses to the Government's Interrogatories shall be filed with the Court contemporaneously with service. The Claimant is further warned that his failure to fully comply with the terms of this Order may well result in dismissal of his claims. The Court further notes that failure to respond to this order will provide a separate basis for dismissal under Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: September 25, 2023

                                                                                          s/*David W. Dugan*
                                                                                          DAVID W. DUGAN
                                                                                          United States District Judge