IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-CV-2103-DWD |
| ) | |
| $74,290.00 IN UNITED STATES ) CURRENCY, ) | |
| ) | |
| Defendant. | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter comes before the Court on the Motion to Strike Claim and Answer and Enter Judgment of Forfeiture filed by Plaintiff, United States of America (Doc. 20). The Government filed a verified complaint on September 8, 2022, seeking to enforce the provisions of 21 U.S.C. § 881(a)(6) for the forfeiture of property which constitutes money furnished or intended to be furnished by a person in exchange for a controlled substance, or proceeds traceable to such an exchange, or money used to facilitate a violation of 21 U.S.C. " 801 *et seq*. Claimant Zihao Liu, through his attorney Edward Johnson, filed an Answer and Claim arguing the property is lawful proceeds. (Docs. 7, 8). The Government served discovery requests on Claimant through his attorney. On February 27, 2023, Claimant moved the Court for an order extending the deadline for responding to the discovery requests (Doc. 14). The Court granted Claimant's motion and extended the deadline for responding to April 11, 2023 (Doc. 15). Claimant failed to timely respond. As a result, and after repeated attempts to confer with Claimant's attorney without success,

the Government filed a Motion to Compel (Doc. 17). The Court ordered Claimant to file a response to the motion, but he failed to comply with that order (Doc. 18). Therefore, on August 24, 2023, the Court ordered Claimant to respond to the Government's discovery requests on or before August 30, 2023.

On September 1, 2023, Claimant emailed the Government a set of answers to the interrogatories. The answers, however, contained very little substantive information and were not signed under oath as required by Rule 33(b)(3) and (5). Accordingly, on September 25, 2023, the Court ordered Claimant to respond fully to the Government's Interrogatories on or before October 12, 2023 (Doc. 21). The Court further ordered Claimant to file his responses on the docket contemporaneously with service. *Id*. The Court warned Claimant that failure to comply would result in dismissal of his claims as a sanction under Rule 37 or Rule 41(b). Claimant's deadline has come and gone, with no response from Claimant. Additionally, Claimant's counsel has filed a second motion to withdraw as counsel, indicating that counsel has been unable to locate Claimant.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a Court may dismiss an action for failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A dismissal under this rule is as an adjudication on the merits. *Id*. In addition, Rule 37(d)(1)(A)(ii) permits the Court to sanction a party for discovery violations by striking a pleading or entering a default judgment against a disobedient party, and the Court may do the same under Rule 37(b)(2)(A) where a party fails to obey a discovery order.

Under the circumstances presented here, the Court finds that Claimant has failed to comply with its orders, failed to comply with the Federal Rules of Civil Procedure, and

failed to prosecute his claim. Consequently, the Motion to Strike filed by Plaintiff United States of America (Doc. 20) is **GRANTED**, and Claimant's claim and answer are **STRICKEN**. Furthermore, **DEFAULT** is hereby entered against Claimant.

The Final Pretrial Conference set for November 16, 2023, and the Jury Trial set for November 27, 2023 are **CANCELLED**.

Finally, the Court **GRANTS** Attorney Edward Johnson's Motion to Withdraw as Attorney (Doc. 28). The Motion indicates that counsel has attempted to comply with Local Rule 83.1 by mailing a copy of the motion to Claimant at his last known address through the U.S. postal service and the UPS. It appears that the mailings were returned to sender. Counsel has also attempted to contact Claimant via telephone and electronic mail, to no avail. Finding good cause for withdraw, the Motion is **GRANTED**. Attorney Edward Johnson is **TERMINATED** as Claimant's counsel of record. Attorney Johnson is **DIRECTED**, as is required under Local Rule 83.1, to send a copy of this order to Claimant's last known address.

**SO ORDERED.**

Dated: November 2, 2023

_____
DAVID W. DUGAN
United States District Judge